UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (COLUMBUS)

| | |
|---|---|
| Kevin R. Campbell,<br><br>      Plaintiff,<br><br>v.<br><br>First PREMIER Bank and Trans Union, LLC,<br><br>      Defendant(s). | Civil Action No. |

# COMPLAINT

Plaintiff, Kevin R. Campbell (hereinafter "Plaintiff"), by and through his attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of Complaint against Defendants, First PREMIER Bank ("First PREMIER") and Trans Union, LLC ("Trans Union") alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumer's credit information to credit reporting agencies.

## PARTIES

2. Plaintiff, Kevin R. Campbell, is an adult citizen of Ohio.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

1

4. Defendant First PREMIER is a business entity that furnishes consumer credit information to consumer reporting agencies.

5. Defendant Trans Union is a limited liability company that engages in the business of maintaining and reporting consumer credit information.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Ohio.

## FACTUAL ALLEGATIONS

8. First PREMIER issued an account ending in 5128 to Plaintiff. The account was routinely reported on Plaintiff's consumer credit report.

9. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

Case: 2:21-cv-02409-EAS-KAJ Doc #: 1 Filed: 05/11/21 Page: 3 of 7  PAGEID #: 3

10. On or about July 6, 2018, Plaintiff and First PREMIER entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached hereto as Exhibit A.

11. Pursuant to the terms of the settlement, Plaintiff was required to make monthly payments totaling $459.00 to settle and close his First PREMIER account.

12. Plaintiff, via his debt settlement representative timely made the requisite settlement payments. Proofs of these payments are attached hereto as Exhibit B.

13. However, over two years later, Plaintiff's account continued to be negatively reported.

14. In particular, on a requested credit report dated November 13, 2020, Plaintiff's First PREMIER account was reported with a status of "CHARGE OFF," a balance of $458.00 and a past due balance of $458.00. The relevant portion of Plaintiff's credit report is attached hereto as Exhibit C.

15. This tradeline was inaccurately reported. As evidenced by the settlement agreement and the proofs of payments, the account was settled for less than full balance and must be reported as settled with a balance of $0.00.

16. On or about February 26, 2021, Plaintiff, via his attorney at the time, notified credit reporting agencies directly of a dispute with completeness and/or accuracy of the reporting of Plaintiff's First PREMIER account. A redacted copy of this letter is attached hereto as Exhibit D.

3

17. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by First PREMIER to credit reporting agencies via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

18. In April of 2021, Plaintiff requested updated credit reports for review. The tradeline for Plaintiff's First PREMIER account remained inaccurate, as Defendants failed to correct the inaccuracies. The relevant portion of the April 2021 credit report is attached hereto as Exhibit E.

19. Trans Union did not notify First PREMIER of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify First PREMIER and First PREMIER failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.

20. If First PREMIER had performed a reasonable investigation of Plaintiff's dispute, Plaintiff's First PREMIER account would have been updated to reflect a "settled" status with a balance of $0.00.

21. Despite the fact that First PREMIER has promised through its subscriber agreements or contracts to accurately update accounts, First PREMIER has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

22. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit reports, concerning the account in question,

thus violating the FCRA.  These violations occurred before, during, and after the dispute process began with Trans Union.

23. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

24. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLAIM FOR RELIEF

25. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

26. Trans Union is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

27. First PREMIER is an entity that, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

28. First PREMIER is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

29. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

30. First PREMIER failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

31. First PREMIER failed to promptly modify the inaccurate information on Plaintiff's credit reports in violation of 15 U.S.C. § 1681s-2(b).

32. Trans Union failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

33. Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

34. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

35. As a result of the above violations of the FCRA, Trans Union is liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

**Law Offices of Robert S. Gitmeid & Associates, PLLC**

By: /s/ Thomas G. Widman
Thomas G. Widman, Esq. (Bar No. 0059259)
30 Wall Street, 8th Floor #741
New York, NY 10005
Tel: (866) 249-1137
E-mail: thomas.w@gitmeidlaw.com
*Attorneys for Plaintiff*